THE UNITED STATES DISTRICT COURT
FOE THE WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY

William B. Turner
Plaintiff

V.

Case No. CIV-21-902-J

David Prater
District Attorney, Oklahoma County, Oklahoma
In his official capacity

and

Amanda Arnall Couch
UVED Program Director
In her official capacity
Defendants

COMPLAINT

The plaintiff, filing pro se (but holding a JD), brings this action requesting declaratory and injunctive relief, and any other relief the court may deem proper, and alleges as follows:

INTRODUCTION

The State of Oklahoma, acting by and through defendants, has adopted a scheme for enforcing a particular state statute that works obvious, egregious violations of the rights of any person who becomes a target of their scheme.

This action states a claim under 42 USC sec. 1983, which provides judicial relief to any "person" who suffers infringement or deprivation of rights under color of law. The right that the State infringes on in this case is the very well established right to due process of law.

JURISDICTION AND VENUE

This Court has jurisdiction under 28 USC sec. 1331 because the case arises under the Constitution of the United States and 28 USC sec. 1343 (a) (3) because it seeks redress for the deprivation of rights under color of state law.

Venue is proper in this district under 28 USC sec. 1391 (b) (1) and (2) because the plaintiff and likely all of the defendants reside within the district and all of the events in question occurred within this district.

## PARTIES

Plaintiff, William B. Turner, is a natural born person and native of Oklahoma City who currently resides at 1532 NW 31st Street, 187, Oklahoma City, OK 73118.

Defendant David Prater is District Attorney of Oklahoma County, Oklahoma and a member of the Oklahoma District Attorneys' Council, which has its offices at 421 NW 13st Street, Oklahoma City, OK 73103. Prater has his office at 320 Robert S. Kerr Avenue, #505, Oklahoma City, OK 73102.

Defendant Amanda Arnall Couch is the Program Director of the Oklahoma Uninsured Enforcement Diversion Program, which has its own page on the web site for the Oklahoma District Attorneys' Council, which has offices at 421 NW 13th Street, Oklahoma City, OK 73103.

## COMPLAINT

In substantive terms, the underlying issue in this case is relatively trivial. The State, through a subsidiary of the District Attorney's Council, alleges that the plaintiff drove a vehicle in Oklahoma City without insurance. In the United States, however, violations of rights are never trivial and this specific case gives rise to the suspicion that the District Attorneys Council, comprised of attorneys who have a duty to see justice done, are willing to violate the rights of individuals in more ways than one for the purpose of achieving greater administrative efficiency, which our laws plainly do not allow.

Plaintiff learned of this allegation when he received, by mail, a "notice" alleging the violation and offering him a "diversion agreement." See Exhibit. The "notice" also assesses a fine of $174. Only after multiple phone calls trying to find out more information about this "notice," which is grossly deficient in procedural terms, and mailing a pointed letter and motion to dismiss to David Prater, District Attorney for Oklahoma County, did the plaintiff receive an email from defendant Amanda Arnall Couch, who apparently lacks legal training, asserting that the State's system had shown the plaintiff not to have insurance for his vehicle, only one element of the offense. See Exhibit.

A "diversion agreement" is a device prosecutors offer to defendants who have agreed to plead guilty. I have offered no such plea and will not, at least not without proper regard for my right to due process. I should have the opportunity to appear before a judge and cross examine

any witnesses, which is an important question in itself, since no office apparently can claim to have witnessed the alleged offense.

      To make the point clearer, a "diversion agreement" assumes that the defendant is guilty, which is a clear, obvious violation of the right to due process of law. Need one even state in a complaint to a court in the United States that our well established rules holds that all defendants are innocent until proven guilty.

      The "notice" refers to unspecified "criminal charges if not acted upon within 30 days." This sword of Damocles only works further violation of the plaintiff's right to due process of law. Vague threats of criminal charges with no citation to any specific statute are not proper in the system of criminal justice in the United States.

      The "notice" does include a photograph of the vehicle that belongs to the plaintiff, in some indeterminate location. One email from the administrator makes various claims about the location and operation of the camera that allegedly took the photo of plaintiff's vehicle. That photograph bears underneath it a paragraph that refers to other evidence the defendants allegedly posses that is not in the "notice." This constitutes prosecutorial misconduct in failing to submit to the defendant all evidence in the possession of the prosecutor, which misconduct fits broadly under the rubric of due process of law.

      A traffic citation typically includes a clear statement of the date by which the defendant must either pay the fine, or appear in court to challenge the citation, with the address of the court. The "notice" alleging my violation of the State's requirement that all vehicles anyone operates on its roadways carry insurance contains none of this information. One of the emails from the administrator acknowledges that ordinary traffic citations bear such information, but explains, helpfully (?), that the District Attorney's Council finds enforcing this particular statute to be a burden and has concocted this "diversion agreement' and noticing scheme as an alternative.

      Of course, the U.S. Supreme Court has squarely held that public officials in the United States may not infringe rights for the purpose of achieving administrative efficiency.

      This enforcement scheme plainly violates the rights of the instant defendant and all other similarly situated defendants.

      Petitioner respectfully requests the court to declare the Oklahoma Uninsured Vehicle Enforcement Diversion Program to violate the rights of any person who comes within its operation to due process of law, in violation of the Fifth Amendment to the Constitution of the United States of America, as applicable to the State of Oklahoma by operation of the Fouthteenth Amendment to the Constitution and to enjoin its enforcement against him and any other similarly situated persons.

Respectfully submitted,

/s/
William B. Tuner
Pro se

1532 NW 31st Street, 187
Oklahoma City, OK 73118
wbtphdjd@gmail.com
405.430.1363